## PURSLEY *vs.* PURSLEY.

*Tenth Judicial District Court, May,* 1857.

### DIVORCE—EXTREME CRUELTY—CONDONATION.

It is *extreme cruelty* for a husband to call his wife a harlot in the presence of others.

Extreme cruelty is not necessarily assault and battery, but equally applies to defamation of character.

Condoned acts of cruelty may be revived by subsequent bad conduct, even if the latter would not of itself justify a separation.

This was a case in which plaintiff asked for a divorce from defendant, on the alleged ground of extreme cruelty.

*Stephen J. Field*, for plaintiff.

*T. B. Reardon*, for defendant.

BARBOUR, J.—The plaintiff, in her bill, relies upon the charge of extreme cruelty, and urges this as a chief cause for divorce. This Court has, heretofore, in several cases, held that a husband calling his wife a harlot in the presence of others, was an act of extreme cruelty, when there was no proof of the charge, and her general character and good conduct did not allow such a presumption. Much I think depends on the intellectual, moral and social condition of the parties. With persons who have received no moral or religious training, who have not kept pace with the present state of civilization, as it exists in our country at this day, and whose passions are uncontrolled, grossly indecent language often passes as mere badinage. But it is said that the " *decencies* of life belong equally to all classes ;" this I grant, and in none are they more carefully observed and cultivated than with a large majority of the American people. Yet it is not true that all classes practice the *decencies* of life, for if such were the case there would be fewer applications for divorce. Chancellor Walworth defines *legal cruelty* to consist in that kind of conduct which endangers the life or health of the complainant, and renders cohabitation unsafe. Our old common law authors insisted that there must be personal assault and battery, and even this was permissible provided the stick used was not larger than the thumb or fore-finger. But the present condition of refined society will not admit of this severity of construction. To a lady of delicacy of feeling, purity of thought and refined sensibilities, I can conceive of no greater cruelty than by falsely charging her with prostituting her person. She would readily forgive a blow, when her pride of virtue could never permit her to overlook or forbear the aspersion and defamation of character.

The counsel for the defendant contends that there has been a condonation on the part of the wife. The offense complained of occurred in the years 1854 and 1855, and the evidence establishes the fact, that since then and up to March of the present year, when they parted, there had been a reconciliation and cohabitation between the parties. In the latter part of 1856 she followed him to San Francisco, where he was engaged in business, and on her return to Marysville she declared that he had treated her better than he had ever done since their marriage. This was the statement of one of her witnesses. But it is said that condoned acts of cruelty may be revived by subsequent bad conduct, and that the pardon of the wife implies a condition that the husband will afterwards treat her with conjugal kindness. This is true even if the subsequent conduct of the husband would not of itself justify a separation; still the after acts to revive the first cause of complaint should be of no trivial or slight consequence, but such as would reasonably justify the apprehension of a renewal of bad treatment.

The immediate cause of separation was the result of a misunderstanding between defendant and Albert about a sum of money which the latter owed him for board; the boy, according to his own testimony, behaved rudely to his step-father, and was wanting in respect and good manners towards an old man, which was calculated to vex and annoy him. Albert, who is eighteen years of age, was permitted to do business on his own account; he occasionally worked for his step-father, who paid him thirty dollars per month wages—there was no legal obligation on the part of defendant to support him, and he had a right to require him to leave his house if his conduct was offensive, or otherwise if he chose.

The only evidence in the case that proves the defendant to have used improper language to his wife, is that of Albert, and his manner of testifying showed that he greatly disliked defendant, and I think was not disposed to do him justice. The separation took place on the 19th of March, and on the 21st plaintiff filed her bill, when she was scarcely prepared to act considerately in taking so important a step; certainly the trifling difficulty of her husband with Albert should not have justified the proceeding—it ought to have been regarded as one of those episodes of family affairs, which should not have permanently disturbed the smooth current of wedded love, and blight forever the gentle influence of domestic happiness.

Considering all the facts, I am satisfied that the plaintiff is not entitled to the relief demanded.   It is therefore ordered that the bill be dismissed, and that the defendant pay the costs of this suit.